IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | | |
|---|---|---|
| RYAN MILLIRON | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | Civil Action No. 1:2023cv01222 |
| | § | |
| NATIONAL ARCHIVES AND | § | |
| RECORDS ADMINISTRATION; | § | |
| U.S. DEPARTMENT OF DEFENSE; | § | |
| DEPARTMENT OF HOMELAND | § | |
| SECURITY | § | |
| | § | |
| | § | |
| Defendants | § | |

**MOTION TO SUPPLEMENT THE RECORD IN SUPPORT OF MOTION FOR IN CAMERA REVIEW OR IN THE ALTERNATIVE, DISCOVERY**

Plaintiff respectfully seeks leave of the court to supplement the record in support of his pending motion. Subsequent to Plaintiff's Motion For In Camera Review or in the Alternative, Discovery, (ECF No. 27), Plaintiff submitted Open Records Requests to Georgia Institute of Technology ("Georgia Tech") and also received a production of documents from case 1:2023-cv-00030 in which Defendant U.S. Department of Defense ("DOD") is also a party. These documents evidence the government's noncompliance with the Freedom of Information Act and support Plaintiff's arguments that the government is acting in bad faith. Plaintiff has consulted with counsel for the government and the Defendant DOD opposes Plaintiff's motion.

**DOCUMENTS**

With leave of the court, Plaintiff will upload the following exhibits obtained from Georgia Tech through Open Records requests[1]:

1) Exhibit 1 - Emails between Kaitlynn Connelley (DARPA FOIA processor) and Georgia Tech between December 2023 and January 2024 indicating that DARPA rescinded their request to Georgia Tech to provide information supporting (b)(4).
2) Exhibit 2 - DARPA's Submitter notice letter dated March 28, 2024 (subsequent to first final production) requesting information to support (b)(4).
3) Exhibit 3 - Emails between Kaitlynn Connelley (DARPA FOIA processor) and Georgia Tech between March 28, 2024 and April 12, 2024. These emails confirm that the government had no support from Georgia Tech to support (b)(4) for their **first** final production. The emails also contain a representation from Georgia Tech and indicate the government's support for (b)(4) for the **second** final production rested on a single unchallenged and unsupported characterization of the responsive document being "unpublished research."[2]

Plaintiff will also upload pages from a FOIA production (shared in full with counsel for the government) obtained from Defendant DOD in case 1:2023-cv-00030:

4) Exhibit 4 - 21 pages of emails from the account of DARPA's Angelos Keromytis (referenced in Plaintiff's motion) sent to and from Heather Alpino, a Department of Justice official assigned to Special Counsel Mueller's team. These emails were sent between August 7, 2017 and October 6, 2017. These emails reference analysis of "DCLeaks", a website associated with the 2016 DNC hack, as well as a list of Russian domain names, coming from "performers" of the Enhanced Attribution program. Plaintiff believes these performers are David Dagon and Manos Antonakakis, and the emails correspond to the "Mueller list" of domains and indicators of APT-28 noted in Plaintiff's motion. These emails indicate that DARPA lied about this work being "retrospective" in their letter to Senator Grassley and have motive to subvert the Freedom of Information Act's requirements for Plaintiff's request because the responsive document could reasonably help to uncover their false statements.

---

[1] Plaintiff is also working to obtain a copy of a presentation given to the Department of Justice by Georgia Tech in or around late May 2024 that Plaintiff believes may be related to his FOIA request.

[2] In the context of FOIA and state-FOIA equivalents, the bulk of responsive documents are "unpublished" until released to the public. The only relevant consideration is whether and to what extent the responsive document contains unreleased proprietary technology that would damage Georgia Tech's commercial interests, to the extent a public university can maintain such interests, and whether the document was provided to the government with an assurance of confidentiality.

**MEMORANDUM**

Plaintiff respectfully requests permission to file a supplemental memorandum accompanying these exhibits of up to 1200 words explaining the relevance of these documents in relation to Plaintiff's motion. Plaintiff intends to spend the bulk of the supplemental memorandum on the impropriety of the government accepting "unpublished research" as a substitute for a valid trade secrets claim in support of (b)(4).

Further, Plaintiff's memorandum will outline two theories of bad faith. Bad faith as articulated in Plaintiff's prior briefs in that the document will cause significant embarrassment to the government and as these documents now indicate, bad faith in the processing of the document in failing to properly support their exemption claims on multiple occasions. Plaintiff's motion to supplement the record is less than 1000 words for the purposes of compliance with LCivR 7.3(b)(ii).

Respectfully submitted,

Dated: August 18, 2024     /S/   Ryan Milliron

Ryan Milliron, Pro Se
PO Box 516
211 W Exchange St
Spring Lake, MI 49456