IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | | |
|---|---|---|
| RYAN MILLIRON | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | Civil Action No. <u>1:2023cv01222</u> |
| | § | |
| NATIONAL ARCHIVES AND | § | Hon. Robert J. Jonker |
| RECORDS ADMINISTRATION; | § | U.S. District Judge |
| U.S. DEPARTMENT OF DEFENSE; | § | |
| DEPARTMENT OF HOMELAND | § | Hon. Phillip J. Green |
| SECURITY | § | U.S. Magistrate Judge |
| | § | |
| | § | |
| Defendants | § | |

**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND MOTION TO STRIKE PORTIONS OF DEFENDANT'S FILINGS**

Plaintiff Ryan Milliron submits this combined filing to oppose the U.S. Department of Defense's (DOD) Motion for Summary Judgment (ECF No. 55) regarding the withholding of a report under the Freedom of Information Act (FOIA) and to move to strike portions of DOD's supporting filings that contain speculative, conclusory, and inadmissible statements. Plaintiff asserts that genuine issues of material fact preclude summary judgment and that the identified portions of DOD's filings prejudice Plaintiff's ability to contest the claimed exemptions.

**INTRODUCTION**

Plaintiff seeks the release of a report (the "Report") produced by Georgia Tech for DARPA's Enhanced Attribution program, analyzing the 2016 DNC cyber-attack. DOD had withheld portions of the Report under FOIA Exemptions 4, 6, 7(C), and 7(E), claiming it contains confidential commercial information, personal data, and law enforcement techniques (ECF No. 55-1, PageID. 316). Plaintiff contends that the Report constitutes fundamental research, as defined by federal regulations and Georgia Tech's policies, negating the applicability of these

exemptions. Additionally, Plaintiff moves to strike speculative and unsupported assertions in DOD's filings (ECF No. 55-1; ECF No. 55-2) under Federal Rule of Civil Procedure 12(f), as they lack evidentiary foundation and prejudice Plaintiff's arguments.

## LEGAL STANDARDS

### FOIA Summary Judgment Standard

FOIA establishes a presumption of disclosure, requiring agencies to release records unless they fall within one of nine narrowly construed exemptions. *Dep't of Air Force v. Rose*, 425 U.S. 352, 360-61 (1976). The agency bears the burden to demonstrate that withheld portions satisfy an exemption and that disclosure would cause foreseeable harm. 5 U.S.C. § 552(a)(8)(A)(i); *ACLU v. FBI*, 734 F.3d 460, 465 (6th Cir. 2013). Summary judgment is appropriate only where no genuine dispute of material fact exists. Fed. R. Civ. P. 56(a). Courts resolve factual ambiguities in favor of disclosure and may conduct in camera review to evaluate agency claims. *Rugiero v. DOJ*, 257 F.3d 534, 544 (6th Cir. 2001).

### Motion to Strike Standard

Federal Rule of Civil Procedure 12(f) authorizes courts to strike "redundant, immaterial, impertinent, or scandalous matter" from pleadings. In FOIA cases, agencies must substantiate exemptions with specific, non-conclusory evidence, and unsupported statements are subject to being stricken.

---

## ARGUMENT

### I. Genuine Issues of Material Fact Preclude Summary Judgment

DOD's Motion for Summary Judgment should be denied due to disputed material facts regarding the Report's classification and the applicability of FOIA exemptions.

### A. Exemption 4: The Report Constitutes Fundamental Research

DOD invokes Exemption 4 to withhold statistical features and data sources, claiming they are "confidential commercial information" (ECF No. 55-1, PageID. 318-25). Exemption 4 protects "commercial or financial information obtained from a person and privileged or confidential." 5 U.S.C. § 552(b)(4). Plaintiff submits that the Report qualifies as fundamental research, undermining DOD's claims.

### 1. The Report's Classification as Fundamental Research

Fundamental research is defined under federal regulations as "basic or applied research … at accredited institutions … when the results will be published and shared broadly." See 15 C.F.R.

§ 734.8; 22 C.F.R. § 120.11; Georgia Tech Export Control Compliance Manual (Manual)[1], PageID. 6. DOD adopts this definition, stating fundamental research "cannot involve any [covered defense information]" (CDI). 48 C.F.R. § 252.204-7000(a)(3). In *United States ex rel. Craig v. Georgia Tech Research Corp.*, Case No. 1:22-cv-02698 (N.D. Ga.), Georgia Tech and DARPA confirmed that research under the Enhanced Attribution program done at Astrolavos lab, which includes the Report, was fundamental research exempt from CDI controls (ECF No. 34-1, PageID. 14, 22-23). The Report's reliance on public data (ECF No. 55-3, PageID. 389-91) and its "proof of concept" nature (ECF No. 55-1, PageID. 313-14) align with this designation, creating a factual dispute over its classification.

## 2. Lack of Commercial Character

If classified as fundamental research, the Report lacks "commercial" character under Exemption 4. Courts distinguish academic research for governmental purposes from commercial trade. *Washington Research Project, Inc. v. HEW*, 504 F.2d 238, 244-45 (D.C. Cir. 1974). The Report, produced by Georgia Tech for DARPA's unclassified program, was not created for profit (ECF No. 55-1, PageID. 313). DOD's reliance on a license to Voreas Laboratories, an entity that did not exist at the time of the Report's creation, (ECF No. 55-1, PageID. 314) is a post hoc rationalization, contradicted by Georgia Tech's stance in *Craig* that its work was not subject to distribution controls (ECF No. 34-1, PageID. 22). This dispute precludes summary judgment.

## 3. Lack of Confidentiality

Exemption 4 requires information to be "confidential," meaning "customarily kept private." *Food Mktg. Inst. v. Argus Leader Media*, 588 U.S. 427, 434 (2019). Fundamental research is intended for publication (Manual, PageID. 6). DOD provides no evidence of pre-2016 restrictions (ECF No. 55-1, PageID. 324), and the authors of the Report's own publication history—over 100 articles by Manos Antonakakis and David Dagon—belies secrecy claims and illustrates that Georgia Tech in fact, customarily publishes its research results to the public. The Report's use of public data further undermines confidentiality (ECF No. 55-3, PageID. 389-91), creating a material factual dispute.

## 4. No Foreseeable Harm

DOD's claim of competitive harm from disclosure (e.g., reverse engineering) is speculative and untenable (ECF No. 55-1, PageID. 325-26). The Report's reliance on known data sources—e.g., Neustar's DNS traffic, per public Georgia Tech contracts[2]—is already known[3] (see also *Joffe v.*

---

[1] See Exhibit 1. Obtained from https://generalcounsel.gatech.edu/sites/default/files/2024-01/Georgia%20Tech%20Export%20Manual%5B26%5D.pdf.

[2] See Exhibit 2. Obtained from Georgia Tech via Open Records Requests by the Plaintiff in 2022. Plaintiff will omit the full contracts, which are lengthy and beyond the scope of illustrating the data sources are known and public record.

[3] See https://www.justice.gov/archives/sco/press-release/file/1433511/dl?inline=. The Report authors are noted here as "Researcher-1" and "Researcher-2". "University-1" references Georgia Tech. Internet-Company-1 references Neustar. ("Internet-Company-1…provided University-1 with early access to its Internet data…") PageID. 11.

*Neustar et al*, ECF No. 1, PageID. 8)[4]. Its 2016 vintage diminishes harm, as courts reject speculative risks from dated information. DOD's conclusory assertions fail FOIA's specificity requirements necessitating further factual inquiry.

**B. Exemptions 6 and 7(C): Inapplicability to Fundamental Research**

DOD applies Exemptions 6 and 7(C) to redact personally identifiable information, citing privacy concerns (ECF No. 55-1, PageID. 326-31). These exemptions require a law enforcement purpose or a significant privacy invasion.

**1. Absence of Law Enforcement Purpose**

Exemption 7(C) applies to records "compiled for law enforcement purposes." DOD asserts a national security mission (ECF No. 55-1, PageID. 327-28), but the Report's fundamental research status precludes this designation. DARPA and Georgia Tech confirmed in *Craig* that the work was unclassified and unrestricted (ECF No. 34-1, PageID. 14), and fundamental research excludes CDI (48 C.F.R. § 252.204-7000(a)(3)). A September 2022 DARPA letter to Senator Grassley further notes results were shared to highlight technical approaches, not enforcement[5]. This conflict creates a factual dispute.

**2. Public Interest Outweighs Privacy Concerns**

Both exemptions require balancing privacy against public interest. The Report's public orientation and the significance of the DNC hack amplify public interest in disclosure (ECF No. 55-1, PageID. 313). Minimal privacy risks—where data is publicly derived (*Craig*, ECF No. 34-1, PageID. 22)—do not outweigh this interest in DARPA's activities, particularly amidst a public dispute over whether these researchers were asked to perform this work (See broadly: Grassley letter) and their roles as alluded to in the *Sussmann* case.[6]

**C. Exemption 7(E): No Law Enforcement Techniques**

DOD withholds "state-of-the-art techniques" under Exemption 7(E), claiming disclosure risks circumvention (ECF No. 55-1, PageID. 331-33). If the Report is fundamental research, it lacks a law enforcement purpose and sensitive techniques. Georgia Tech's position in *Craig*—no CDI involved—and public data reliance (ECF No. 55-3, PageID. 389-91) contest DOD's claims, creating a material dispute.

**D. Failure to Release Segregable Information**

FOIA mandates disclosure of segregable non-exempt portions. 5 U.S.C. § 552(b). DOD's extensive redactions (ECF No. 55-3, PageID. 371-88) conflict with fundamental research's

---

[4] For convenience to the Court, the *Joffe v Neustar* complaint is available here: https://int.nyt.com/data/documenttools/joffe-v-neustar-complaint/21a1e84904d34455/full.pdf
[5] See https://www.grassley.senate.gov/imo/media/doc/darpa_to_grassley_johnson_-_crossfire_hurricane.pdf.
[6] See https://www.justice.gov/archives/sco/press-release/file/1433511/dl?inline=. PageID. 10-13.

public orientation (*Craig*, ECF No. 34-1, PageID. 22). DOD's "line-by-line review" claim (ECF No. 55-2, ¶ 39) is insufficient absent evidence reconciling this with the Report's nature, necessitating in camera review at minimum.

**II. Motion to Strike Speculative and Unsupported Portions of DOD's Filings**

Plaintiff moves to strike portions of DOD's Memorandum (ECF No. 55-1) and Whited Declaration (ECF No. 55-2) under Rule 12(f), as they contain speculative, conclusory, and inadmissible statements lacking evidentiary support.

**A. Speculative Claims of Commercial Harm**

1. Memorandum (ECF No. 55-1, PageID. 325-26): DOD predicts "competitive harm" from disclosure, alleging reverse engineering or data spoliation without specific evidence (e.g., no identified competitors or market analysis). These claims are inadmissible under Fed. R. Evid. 701 and contradict Georgia Tech's stance in *Craig* that fundamental research excludes proprietary restrictions (ECF No. 34-1, PageID. 22).
2. Whited Declaration (ECF No. 55-2, ¶¶ 25-26): Mr. Whited asserts disclosure would "inhibit commercial value" without factual basis or personal knowledge (Fed. R. Evid. 602). These assertions conflict with the Report's fundamental research status and should be stricken.

**B. Unsupported Assertions of Confidentiality**

1. Memorandum (ECF No. 55-1, PageID. 324): DOD claims Georgia Tech keeps data private, relying on vague references and an unsigned affidavit (ECF No. 55-4). Georgia Tech's publication history and *Craig* position (ECF No. 34-1, PageID. 14) contradict this, rendering the claim prejudicial.
2. Whited Declaration (ECF No. 55-2, ¶ 21): Mr. Whited asserts confidentiality without pre-2016 evidence, contradicting the Report's public data use and fundamental research designation. This lacks evidentiary support and should be stricken.

**C. Inconsistent Law Enforcement Claims**

1. Memorandum (ECF No. 55-1, PageID. 327-28, 331-32): DOD claims a law enforcement purpose without evidence tying the Report to enforcement rather than research. This contradicts its fundamental research status (*Craig*, ECF No. 34-1, PageID. 14) and should be stricken.
2. Whited Declaration (ECF No. 55-2, ¶¶ 31, 38): These paragraphs assert a security mission without specific facts, conflicting with the Manual (PageID. 6) and *Craig*. They are inadmissible and prejudicial.

**D. Reliance on Unsigned Voreas Affidavit**

1. Memorandum, ECF No. 55-1, PageID. 319 ("Georgia Tech provided to DARPA a draft affidavit…"): This reliance on an unsworn, draft document lacks evidentiary weight (Fed.

   R. Evid. 803), especially against Georgia Tech's *Craig* stance (ECF No. 34-1, PageID.22). Voreas, incorporated on December 10, 2018–over two years after the Report's creation–offers no insight into its 2016 status, unfairly suggesting unsubstantiated commercial harm.  Not only is the affidavit unsigned and unsworn, it contains material misstatements and fails to explain any knowledge regarding the responsive record. Georgia Tech, the submitter of the information and the only entity with whom the government should be consulting, is silent.[7]
2. Whited Declaration, ECF No. 55-2, 14: Mr. Whited's reference to the draft affidavit as Georgia Tech's "final justification" is speculative absent authentication, undermining its reliability and unfairly bolstering DOD's claims.

**E. Broader Reliability of Whited Declaration**

The Whited Declaration's repeated reliance on generalities (e.g., ¶¶ 21, 25-26, 31, 38) and contradictions with the Manual, *Craig*, and the Report's public data use suggest a pattern of unsupported assertions, warranting broader exclusion under Rule 12(f). It's unclear who the government has spoken to, what they are relying on, and how they've resolved contradictory evidence produced by Georgia Tech to them in referenced private conversations and Georgia Tech's position in *Craig*.

## NOTICE OF PRIOR COMMUNICATION

Plaintiff advised DOD's counsel of relevant filings and arguments in *Craig* via email on January 20, 2025, January 22, 2025, and January 24, 2025, providing notice to preempt Plaintiff's arguments. DOD did not respond.

## CONCLUSION

Genuine issues of material fact regarding the Report's classification as fundamental research preclude summary judgment on Exemptions 4, 6, 7(C), and 7(E). Additionally, speculative and unsupported portions of DOD's filings prejudice Plaintiff's ability to contest these exemptions and should be stricken under Rule 12(f). Plaintiff respectfully requests that the Court:

1. Deny DOD's Motion for Summary Judgment and order the release of improperly withheld portions of the Report, or conduct an in camera review;
2. Strike the specified portions of ECF No. 55-1 (PageID. 319, 324, 325-26, 327-28, 331-32) and ECF No. 55-2 (¶¶ 14, 21, 25-26, 31, 38), and consider broader exclusion of the Whited Declaration if reliability remains in doubt.

---

[7] The government has produced no evidence, sworn or unsworn, from the submitter of the Report, Georgia Tech, to support exemption 4. The reason for this is plain, in *Craig*, Georgia Tech is arguing that all reports produced by Astrolavos lab were intended for publication and are not subject to claims for proprietary or national security reasons. Here, some unknown persons of Voreas Laboratories with an unknown relationship to the Report and Georgia Tech have enlisted the government to push a contradictory argument without the risk of anyone perjuring themselves.

                                                            Respectfully submitted,

Dated: March 10, 2025                                                                    /s/ Ryan Milliron

                                                                                              Ryan Milliron
                                                                                        14579 Tupelo Dr.,
                                                                            West Olive, MI 49460
                                                                                 (231) 286-8875
                                                          ryanmilliron1@gmail.com