UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RYAN MILLIRON,

        Plaintiff,

                              CASE NO. 1:23-cv-1222

v.

                              HON. ROBERT J. JONKER

UNITED STATES DEPARTMENT
OF DEFENSE,

        Defendant.
_____/

**<u>ORDER APPROVING AND ADOPTING REPORT AND RECOMMENDATION</u>**

        Plaintiff Ryan Milliron brought this action under the Freedom of Information Act (FOIA), 5 U.S.C. § 552, *et seq.*, seeking a copy of a report that was produced by Georgia Institute of Technology (Georgia Tech) for a research division of the Department of Defense (DoD). DoD delivered to Plaintiff a version of that report that had been redacted in accordance with several FOIA exemptions, but primarily Exemption 4. DoD then filed a motion for summary judgment, alleging that it had released all the reasonably segregable, non-exempt information Plaintiff sought in his original FOIA request.

        The Court has reviewed Magistrate Judge Green's Report and Recommendation (ECF No. 60) advising this Court to grant summary judgment to the defense. Plaintiff objects. (ECF No. 61). Under the Federal Rules of Civil Procedure, when a party has objected to portions of a Report and Recommendation, "[t]he district judge . . . has a duty to reject the magistrate judge's recommendation unless, on *de novo* reconsideration, he or she finds it justified." 12 C. WRIGHT

& A. MILLER, FEDERAL PRACTICE AND PROCEDURE § 3070.2 (3d ed. June 2024 update). Specifically, the Rules provide that:

> The district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

FED R. CIV. P. 72(b)(3). *De novo* review in these circumstances requires at least a review of the evidence before the Magistrate Judge. *Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981). The Court has reviewed *de novo* the claims and evidence presented to the Magistrate Judge; the Report and Recommendation itself; and Plaintiff's objections. After its review, the Court finds the Magistrate Judge's Report and Recommendation is factually sound and legally correct.

## DISCUSSION

The Magistrate Judge recommends granting DoD's motion for summary judgment. In his objections, Plaintiff argues, amongst other things, that the Magistrate Judge was incorrect to conclude that FOIA Exemption 4 applies to the information redacted from the report. (ECF No. 61). To support this argument, Plaintiff cites to a motion to dismiss that Georgia Tech filed in a separate False Claims Act suit. (*Id.*) (citing Motion to Dismiss, *United States ex rel. Craig v. Georgia Tech Research Corp.*, No. 1:22-cv-02698 (N.D. Ga.). That suit concerned contracts into which Georgia Tech entered with DoD after the report at issue here was created. In its motion to dismiss, Georgia Tech depicted the research it was conducting under two DoD contracts as "fundamental research." (*Id.*). According to Plaintiff, this categorization shows that the work being done for DoD—including the report at issue here—was intended for public release and thus cannot satisfy Exemption 4's requirement that the information customarily be kept private. (*Id.*).

Plaintiff confuses, however, the report at issue here with the research contracts that later formed between Georgia Tech and DoD. Even assuming for the sake of argument that that later research was connected to the report and that it was intended by Georgia Tech to be available for public release, that does not mean that the earlier report was also intended to be made publicly available. In fact, the evidence suggests the exact opposite. At the time the report was created, it was marked with labels indicating it was to be kept "confidential" and that it was meant for "USG internal consideration, not for public distribution." (ECF No. 55-3, PageID.353). Moreover, at the time of its creation the report was only intended to be a "proof of concept," one that highlighted Georgia Tech's capabilities with respect to identifying the source of criminal cyberattacks. Importantly, that proof of concept sets forth the "methodologies, techniques, and processes" underlying the algorithmic technology that Georgia Tech has developed and licensed to Voreas Laboratories. (Whited Decl. ¶ 22, ECF No. 55-2, PageID.344). Such information is the type of information Exemption 4 was meant to protect from public disclosure.

Outside of his arguments about the motion to dismiss undermining Georgia Tech's claim that the report was customarily kept private, Plaintiff primarily reiterates and expands upon the same arguments he presented in his earlier briefs. His objections fail to deal in a meaningful way with the Magistrate Judge's analysis. The Magistrate Judge carefully and thoroughly considered the record, the parties' arguments, and the governing law. The Magistrate Judge properly analyzed Plaintiff's claims. The Court determines the DoD's motion should be granted for the very reasons articulated in the Magistrate Judge's Report and Recommendation.

## CONCLUSION

For the reasons set forth above,

**IT IS ORDERED** that the Report and Recommendation of the Magistrate Judge (ECF No. 60) is **APPROVED AND ADOPTED** as the Opinion of the Court.

**IT IS FURTHER ORDERED** that is the defense Motion for Summary Judgment (ECF No. 55) is GRANTED and Plaintiff's claims against Defendant are **DISMISSED WITH PREJUDICE**.

A separate Judgment will enter.


Dated:   September 29, 2025              /s/ Robert J. Jonker
                                        ROBERT J. JONKER
                                        UNITED STATES DISTRICT JUDGE